# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PIES LONSDALE, Booking #24736966,<br><br>                          Plaintiff,<br><br>vs.<br><br><br>EL CAJON POLICE DEP'T, *et al.*,<br><br>                         Defendants. | Case No: 25-cv-01619-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (ECF No. 2); AND**<br><br>**(2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915A(b)(1)** |

## INTRODUCTION

Plaintiff Gabriel Pies Lonsdale ("Plaintiff" or "Lonsdale"), a detainee proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* ("IFP"). (*See* ECF Nos. 1, 2.) In his Complaint, Lonsdale appears to allege his rights were violated by Defendants. (ECF No. 1 at 4.) As discussed below, the Court denies Plaintiff's IFP motion and dismisses the Complaint without leave to amend.

# IFP MOTION

Generally, parties initiating a civil action in a district court of the United States must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). An action may proceed despite a failure to pay the entire fee at filing only if the court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

## A.     Three Strikes Provision

Under the Prison Litigation Reform Act ("PLRA"), however, when a prisoner seeking to proceed IFP has "repeatedly brought unsuccessful suits [he] may entirely be barred from IFP status under the three-strikes rule," pursuant to 28 U.S.C. § 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007). Under this rule, a prisoner who has had three previous actions dismissed as frivolous, malicious, or for failure to state a claim, is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that (they were) frivolous, malicious, or fail[ed] to state a claim," *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

While defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1120. That

is the case here.

**B.     Prior "Strikes"**

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Plaintiff has been incarcerated in local, state, and federal facilities over the years. Based on a review of court proceedings available on PACER, the Court finds that while incarcerated, Plaintiff Gabriel Pies Lonsdale (also known as "Gabriel Pies-Lonsdale," "Gabriel Pies," and "Gabriel Isaiah Pies Lonsdale") with the following inmate numbers: San Diego County Booking #25707540, CDCR #BC-0596, BOP #64770-298, has had at least three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

> (1)  *Lonsdale v. Gempler, et al.*, Case No. 19-cv-01589-WJM-NRN (D. Col.) (Report and Recommendation to grant motion to dismiss (ECF No. 48, June 1, 2020); *Id.* (Order adopting R & R and dismissing complaint for failure to state a claim on which relief may be granted (ECF No. 49, July 1, 2020));
>
> (2)  *Lonsdale v. Banachi, et al.*, Case No. 3:22-cv-0310-LAB-BLM, ECF No. 5 (S.D. Cal.) (Order granting IFP and dismissing complaint with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) (ECF No. 4, May 10, 2022)); *Id.* (Order dismissing case for failing to state a claim and failing to prosecute pursuant to Fed. R. Civ. P. 41(b) (ECF No. 9, Oct. 14, 2022));[1] and
>
> (3)  *Lonsdale v. Lemus, et al.*, Case No. 3:22-cv-0309-TWR-JLB (S.D. Cal.) (Order granting motion to dismiss for failure to state a claim in part and issuing OSC as to why case should not be dismissed for failure to prosecute (ECF No. 18, Jan. 18, 2023)); *Id.* (Order dismissing action for failure to prosecute) (ECF

---

[1] A dismissal counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. *Harris v. Mangum*, 863 F.3d 1133, 1142–43 (9th Cir. 2017).

- 3 -

No. 19, Feb. 24, 2022)).

Accordingly, Plaintiff has accumulated at least three "strikes" as defined by § 1915(g).

### C.   Imminent Danger Exception

Once a prisoner has accumulated three or more strikes, § 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"). Here, Plaintiff makes no allegation of "imminent danger of serious physical injury." The allegations contained in the Complaint appear related to events that took place in March of 2023 and Plaintiff makes no plausible assertion that he was facing danger at the time he initiated this action. *Cervantes*, 493 F.3d at 1056 (stating the imminent danger exception requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head"). Therefore, Plaintiff's IFP motion is **DENIED** pursuant to 28 U.S.C. § 1915(g) and the case is **DISMISSED** for failure to satisfy the filing fee requirement. 28 U.S.C. § 1914.

## SCREENING PURSUANT TO 28 U.S.C. § 1915A

### A.   Standard of Review

Even if Plaintiff were to pay the full filing fee, 28 U.S.C. § 1915A, also enacted by the PLRA, requires *sua sponte* dismissal of prisoner complaints like his, or any portions of them, which are "frivolous, malicious," those that "fail[ ] to state a claim upon which relief may be granted," or those that "seek[] monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1), (2); *Coleman v. Tollefson*, 575 U.S. 532, 538–39 (2015). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g., Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of

responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (citation omitted).

**B.     Plaintiff's Allegations**

In his Complaint, Lonsdale raises no legal grounds for relief. (*See* ECF No. 1 at 4.) The factual allegations are vague and disjointed. Plaintiff appears to allege that on March 4, 2023, law enforcement who were seeking to "build a case"[2] against him had an encounter with two of Plaintiff's female acquaintances during which they sought to "set up" Plaintiff. (*Id.*) Lonsdale states one of the women, his "voodoo wife," later told him she refused to cooperate with the "scheme."[3] (*Id.*)

Plaintiff states that the next day, his "voodoo wife" and another woman engaged in an "orgy" with the "forbidden voodoo god AKA Gabriel Pies Lonsdale." (*Id.*) After the "sex ritual . . . the truth of all secrets were revealed," and he learned he had been set up by "dirty cops." (*Id.*)

**C.     Discussion**

Plaintiff's Complaint is subject to dismissal as frivolous. Dismissal based on frivolousness is appropriate where the claim is "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). When determining whether to dismiss a complaint as "frivolous," federal courts have "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based

---

[2] Plaintiff references a criminal case number, "CE416706 [sic]." (ECF No. 1 at 4.) The Court takes judicial notice of the San Diego County Sheriff's Department website which shows Lonsdale has been charged with kidnapping and infliction of corporal injury on a spouse in San Diego Superior Court Case No. SCE416709. *See* San Diego County Sheriff's Department, Who's In Jail–Inmate Detail, https://apps.sdsheriff.net/wij/wijDetail.aspx?BookNum=Z5G95AN5Ba7jQjTWVvhsE%2bTYY4CpbiXrBkCgQMhCPnU%3d# (visited Aug. 18, 2025); *United States v. Basher*, 629 F.3d 1161, 1165 n.2. (9th Cir. 2011) (taking judicial notice of information available on County's publicly available inmate locator).

[3] It does not appear Plaintiff was present for the March 4, 2023, interaction he describes.

solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." (*Id.* at 33.)

Here, the Complaint contains no legal theory and includes allegations which are fanciful at best. There is no description of any specific conduct by any named defendant. The only mention of any defendant is Plaintiff's statement that after engaging in a "sex ritual," where participants "drank the [bodily fluid] of truth [and] all secrets were revealed," Plaintiff learned Defendants Mallory and Downing were "dirty cops." (ECF No. 1 at 5.) The Court finds the allegations in the Complaint "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32. Accordingly, even if Plaintiff could satisfy the filing fee requirement, his Complaint is nonetheless subject to dismissal as frivolous. *See Lopez v. Smith*, 203 F.3d 1122, 1128 n.8 (9th Cir. 2000) ("When a case [is] . . . frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

## CONCLUSION AND ORDER

For reasons discussed above, the Court:

(1) **DENIES** the Motion to Proceed IFP as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action based on Plaintiff's failure to pay the full $405 statutory and administrative civil filing fee required by 28 U.S.C. § 1914(a), and as frivolous pursuant to 28 U.S.C. § 1915A(b);

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of Court to enter a judgment and to close the file.

**IT IS SO ORDERED**.

**DATED: September 15, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court